**UNITED STATES of America,
Plaintiff—Appellee/Cross–
Appellant,**

**v.**

**Reveriano OLIVERA, Defendant—
Appellant/Cross–Appellee.**

**United States of America,
Plaintiff—Appellee,**

**v.**

**Francisco Olivera, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

**v.**

**Javier Mora, Defendant—Appellant.**

Nos. 00–10467, 00–10553,
00–10628, 00–10633.
D.C. No. CR–F–99–051–GEB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Dec. 4, 2002.

Before D.W. NELSON, BEEZER and WARDLAW, Circuit Judges.

## MEMORANDUM *

Codefendants Reveriano Olivera ("Reveriano"), Francisco Olivera ("Francisco"), and Javier Mora ("Mora") appeal their federal drug convictions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I. Reveriano's claims

Most ineffective assistance of counsel claims are brought in collateral habeas proceedings, as their determination depends on specific facts, *Hoffman v. Arave*, 236 F.3d 523, 530 n. 7 (9th Cir.2001) and they usually require factual development beyond the record, *United States v. Hen-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

*son*, 123 F.3d 1226, 1241 (9th Cir.1997). Here, the record is not sufficiently developed for us to determine Reveriano's ineffective assistance claim, so this issue is not properly before us.

■ A defendant is entitled to a two-point downward adjustment where the defendant demonstrates acceptance of responsibility for the offense. U.S.S.G. § 3E1.1(a). A defendant only receives this departure after proceeding to trial if pretrial conduct clearly establishes acceptance of responsibility. *Id.* at Application Note 2. Reveriano exercised his constitutional right to a trial in this case and did not admit to the elements of the crime before or during trial. Thus, the district court did not err in failing to depart for acceptance of responsibility.

### II. Francisco's claims

■ *Apprendi v. New Jersey* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have interpreted Apprendi to mean that "drug quantity and type, which fix the maximum sentence for a conviction, . . . must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt." *United States v. Buckland,* 289 F.3d 558, 568 (2002). Here, the district court imposed sentences equal to or less than the maximum statutory allowance for each of the three counts. Thus, there is no Apprendi violation.

We may not review a district court's discretionary refusal to depart from the Guidelines unless the district court thought it did not have discretion to de-

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

part. *See, e.g. United States v. Romero,* 293 F.3d 1120, 1126 (9th Cir.2002). The district court acknowledged that it had discretion to depart from the Guidelines in this case but chose not to do so. Thus, we may not review the district court's discretionary refusal to depart from the Guideline ranges, as Francisco argues.

■ The disparity in sentences between codefendants is not a sufficient ground to attack a proper Guidelines sentence. *United States v. Whitecotton,* 142 F.3d 1194, 1200 (9th Cir.1998). As Francisco's sentence is valid, his challenge relying on the shorter sentences of his co-conspirators is without merit.

■ When multiple convictions comprise a continuous sequence of events, the Guidelines necessitate consecutive sentences. U.S.S.G. § 5G1.2(d); *Buckland,* 289 F.3d at 570. Here, the maximum statutory sentence of twenty years for Francisco fell short of the Guideline sentence. The district court properly imposed consecutive sentences as needed to meet the 324–month Guideline sentence.

We review for clear error a lower court's ruling on what materials fall within the *Brady* rule. *United States v. Brumel–Alvarez,* 991 F.2d 1452, 1456 (9th Cir. 1992). Francisco has not shown, nor does a review of the twenty unsealed documents demonstrate, a reasonable probability that the result of the proceeding would have been different had the district court disclosed these sealed documents.

### III. Mora's claim

We evaluate the sufficiency of the evidence supporting a conviction to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,*

443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Estrada–Macias,* 218 F.3d 1064, 1067 n. 2 (9th Cir.2000). Here, the Government proved the existence of a conspiracy. Moreover, from the evidence adduced at trial, a jury could have reasonably concluded that Mora participated in the conspiracy. *See United States v. Sanchez–Mata,* 925 F.23d 1166, 1167 (9th Cir.1991) (holding evidence of only a "slight connection" is necessary).

■ As mentioned, Apprendi held that any fact that will increase a defendant's penalty beyond the statutory maximum for that offense must be determined by a jury and proved beyond a reasonable doubt. 530 U.S. at 490; *Buckland,* 289 F.3d at 568. The district court capped Reveriano's sentence at the maximum statutory penalty allowed under the jury's conviction and correctly refrained from making an unconstitutional quantity determination. As with Francisco, there is no Apprendi violation.

Eastern District of California Local Rule 32–460 requires counsel for both sides to file written, informal objections to the presentence report with the probation officer, and a formal memo specifically identifying all objections to the presentence report with the court. E.D. Cal. L.R. Crim. 32–460(d)(f). Failure to comply with both requirements of the local rule constitutes a waiver of the Government's objection to Reveriano's concurrent sentence.

AFFIRMED.